EXHIBIT  A



Menu ☰

# Case Detail - Public

🖶 Print

---

**Malvin L Garnett Plaintiff vs. Southwest Airlines Company Defendant**

---

    **Broward County Case Number:** CACE19010800

    **State Reporting Number:** 062019CA010800AXXXCE

    **Court Type:** Civil

    **Case Type:** Other - Discrimination Employment or Other

    **Incident Date:** N/A

    **Filing Date:** 05/18/2019

    **Court Location:** Central Courthouse

    **Case Status:** Pending

    **Magistrate Id / Name:** N/A

    **Judge ID / Name:** 18 Haury, William W., Jr.

---

  **−**   Party(ies)                                                       Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
| --- | --- | --- | --- |

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Garnett, Malvin L** | | ★ Falzon, Anthony V<br>Retained<br>Bar ID: 69167<br>ANTHONY V. FALZON P.A<br>12000 Biscayne Boulevard<br>Ste702<br>Miami, FL 33181<br>**Status: Active** |
| Defendant | **Southwest Airlines Company** | | |

---

**−  Disposition(s)**                                                        Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

---

**−  Event(s) & Document(s)**                                              Total: 10

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 08/08/2019 | **Summons Returned Served** | 7th day of August, 2019<br>Party: *Defendant* Southwest Airlines Company | 📄 | 3 |
| 08/05/2019 | **Summons Issued Fee** | Payor: ANTHONY V. FALZON P.A. ;<br>Userid: CTS-fg/t ;<br>Receipt: 20191FA1A106028;<br>;<br><br>Amount: $10.00 | | |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 07/29/2019 | **Request for Production** | | 📄 | 23 |
| 07/29/2019 | **eSummons Issuance** | SOUTHWEST AIRLINES COMPANY | 📄 | 4 |
| 07/26/2019 | **Notice of Unavailability** | | 📄 | 2 |
| 07/26/2019 | **Interrogatories** | | 📄 | 18 |
| 06/07/2019 | **Notice of Unavailability** | | 📄 | 2 |
| 05/20/2019 | **Filing Fee** | Payor: ANTHONY V. FALZON P.A. ; Userid: CTS-fg/t ; Receipt: 20191FA1A070877; ;  Amount: $401.00 | | |
| 05/18/2019 | **Civil Cover Sheet** | | 📄 | 2 |
| 05/18/2019 | **Complaint (eFiled)** | COMPLAINT Party: *Plaintiff* Garnett, Malvin L | 📄 | 15 |

---

| — Hearing(s) | Total: 0 |
|---|---|

There is no Disposition information available for this case.

---

| — Related Case(s) | Total: 0 |
|---|---|

There is no related case information available for this case.

Brenda D. Forman

_____

Case Number: CACE-19-010800 Division: 18

Filing # 89751393 E-Filed 05/18/2019 06:18:10 PM

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

MALVIN GARNETT,

    Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY,
a foreign for profit corporation,

    Defendant,

_____/

RECEIVED

MAY 23 2019

Labor & Employment

## COMPLAINT

Plaintiff, MALVIN GARNETT (hereinafter "Plaintiff" or "Garnett") hereby

sues the Defendant, SOUTHWEST AIRLINES CO., a Texas for profit corporation

(hereinafter "Defendant" or "Southwest") and alleges:

## NATURE OF ACTION

1.    This is an action brought against the Defendant for damages in excess

of fifteen thousand dollars ($15,000.00) and injunctive relief pursuant to Fla. Stat.

760.01 et al., ("Florida Civil Rights Act" or "FCRA"), Title VII of the Civil Rights

Act of 1964, 42. U.S.C. §2000e-2(a)("Title VII") and 42 U.S.C. §1981 ("Section 1981").

2.  Venue in Broward County, Florida is proper because the events described therein occurred in Broward County, Florida and because Southwest carries on business in Broward County, Florida.

## THE PARTIES

3.  At all times pertinent hereto, Plaintiff, Garnett, has been a resident of Fort Lauderdale, Florida and was employed by the Defendant at Fort Lauderdale/Hollywood International Airport in Broward County.  Plaintiff is a member of a protected class because of his race and/or color (black) and his national origin (Jamaican).

4.  At all times pertinent hereto, Southwest, has been a Texas corporation which operates national and international flights out of Fort Lauderdale-Hollywood International Airport.

5.  At all times pertinent to this action, Southwest, has been an "employer" as that term is used under the applicable laws identified above.  Southwest was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6.  Plaintiff has satisfied all conditions precedent to bringing this action.

2

## GENERAL FACTS

7.    Jackson was hired by Southwest as a ground operations agent at Fort Lauderdale-Hollywood International Airport on or about March 21, 2011.  Ground operations agents are responsible for all ground servicing of an aircraft while in the airport between flights.  The ground operations agents guide the pilots into position at the gate, they chock the wheels of the plane, guide the jetbridge to the aircraft door. In addition they perform a variety of maintenance activities

8.    Over the years, Southwest Airlines, has been subject to scrutiny by the National Association for the Advancement of Colored People for its alleged discriminatory treatment of its African American employees when it came to hiring, promotion, firing and discipline.

9.    The Plaintiff experienced this discriminatory treatment first hand when his supervisors refused to allow him to be interviewed for promotions as early as 2012.

10.    In September of 2012, Plaintiff complained that he was being harassed by a racist supervisor.  On or about February 14, 2013 the racist supervisor was involved in a physical altercation with an African American employee. The African American employee was arrested and the Plaintiff was instrumental in gathering money among coworkers to allow the employee to be released on bond. The Plaintiff

3

also gathered witness statements from coworkers to assist in the jailed employee's defense.

11.     On February 20, 2013 the District Manager approached the Plaintiff while he was at work waiting for an aircraft to land and after engaging in some pleasantries the Plaintiff complained to the District Manager about the racist way in which the incident on February 14, 2013 had been handled by management.  In response the District Manager threatened the Plaintiff reminding him that he could get the Plaintiff fired.  The Plaintiff replied that if he could be fired for doing his job then the District Manager should go ahead and fire him since this was not the sort of company that the Plaintiff wanted to work for.

12.     The Plaintiff later complained to Human Resources about the District Manager threat but was told that there was nothing that Human Resources could do about it.

13.     Following this incident the Plaintiff was targeted for unfair disciplinary action and in September of 2013 the Plaintiff requested to be transferred out of Fort Lauderdale-Hollywood International Airport to another location.

14.     The Plaintiff was transferred a short while later to Denver, Colorado and was later transferred to Chicago, Illinois.

15.     In August of 2015 the Plaintiff requested to be transferred back to Fort

4

Lauderdale-Hollywood International Airport so that he could live with his wife and children on a full time basis. The Plaintiff was transferred back to Fort Lauderdale-Hollywood International Airport in September, 2015. In October of 2015 he was appointed as union representative.

16.     As union representative Plaintiff was approached by many African American union members reporting incidents of discrimination. Plaintiff reported all of these incidents to Human Resources. In April of 2017, Human Resources claimed to be conducting an investigation while failing to question any one of the many members complaining about discrimination.

17.     On September 29, 2017 Plaintiff was fired ostensibly for using profanity during a union meeting and for allegedly falsely reporting in as sick while on vacation.

18.     Following the Charging Party's termination, the Union filed a grievance on the Plaintiff's behalf and the Plaintiff was reinstated to his position on February 5, 2018.

19.     Following his reinstatement, the Defendant requested that the Plaintiff dismiss the EEOC Charge of Discrimination that he had filed on November 20, 2017 in relation to his September 29, 2017 and the Plaintiff refused.

20.     In fact the Plaintiff continued to complain about race discrimination

5

after he was reinstated to his position.

21.    On April 11, 2019 the Plaintiff was discharged a second time, this time for allegedly giving false information in his application for employment seven years previously.

22.    Non-black employees had provided false information on their applications but had not been fired.

## COUNT ONE - RACE DISCRIMINATION UNDER THE FCRA

23.    Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

24.    Defendant has, with malice or reckless indifference, violated the dictates of the FCRA by intentionally discriminating against Plaintiff because of his race.

25.    Defendant's conduct listed hereinabove constitutes race discrimination in violation of the FCRA.

26.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of the

FCRA, including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT TWO - FCRA NATIONAL ORIGIN DISCRIMINATION

27.   Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

28.   Defendant has, with malice or reckless indifference, violated the dictates of the FCRA by intentionally discriminating against Plaintiff because of his national origin.

29.   Defendant's conduct listed hereinabove constitutes national origin discrimination in violation of the FCRA.

30.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of the FCRA, including, but not limited to, back pay, front pay, compensatory damages

7

including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT THREE - RETALIATION UNDER THE FCRA

31.    Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

32.    Defendant has, with malice or reckless indifference, violated the dictates of the FCRA by intentionally retaliating against Plaintiff because he objected to practices in violation of the FCRA including race and national origin discrimination.

33.    Defendant's conduct listed hereinabove constitutes retaliation in violation of the FCRA.

34.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of the FCRA, including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other

8

intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT FOUR - SECTION 1981 RACE DISCRIMINATION

35.    Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

36.    Defendant has, with malice or reckless indifference, violated the dictates of 42 U.S.C. §1981 by intentionally discriminating against Plaintiff because of his race.

37.    Defendant's conduct listed hereinabove constitutes race discrimination in violation of 42 U.S.C. § 1981.

38.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of 42 U.S.C. §1981 including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs,

interest, and such other and further relief that this Court may deem just and proper.

## COUNT FIVE - SECTION 1981 NATIONAL ORIGIN DISCRIMINATION

39.    Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

40.    Defendant has, with malice or reckless indifference, violated the dictates of the 42 U.S.C. §1981 by intentionally discriminating against Plaintiff because of his national origin.

41.    Defendant's conduct listed hereinabove constitutes national origin discrimination in violation of 42 U.S.C. §1981.

42.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of 42 U.S.C. § 1981 including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT SIX - SECTION 1981 RETALIATION

43.     Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

44.     Defendant has, with malice or reckless indifference, violated the dictates of 42 U.S.C. § 1981 by intentionally retaliating against Plaintiff because he objected to practices in violation of 42 U.S.C. §1981 including race and national origin discrimination.

45.     Defendant's conduct listed hereinabove constitutes retaliation in violation of 42 U.S.C. §1981.

46.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of the 42 U.S.C § 1981, including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

11

## COUNT SEVEN - TITLE VII RACE DISCRIMINATION

47.　Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

48.　Defendant has, with malice or reckless indifference, violated the dictates of Title VII by intentionally discriminating against Plaintiff because of his race.

49.　Defendant's conduct listed hereinabove constitutes race discrimination in violation of Title VII.

50.　As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of Title VII, including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT EIGHT - TITLE VII NATIONAL ORIGIN DISCRIMINATION

51.　Plaintiff repeats and realleges each and all of the allegations contained

12

in paragraphs 1 through 22 of this Complaint as though set forth fully at length herein.

52.   Defendant has, with malice or reckless indifference, violated the dictates of Title VII by intentionally discriminating against Plaintiff because of his national origin.

53.   Defendant's conduct listed hereinabove constitutes national origin discrimination in violation of Title VII.

54.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of Title VII including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT NINE - TITLE VII RETALIATION

55.   Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth fully at length

13

herein.

56.     Defendant has, with malice or reckless indifference, violated the dictates of Title VII by intentionally retaliating against Plaintiff because he objected to practices in violation of Title VII including race and national origin discrimination.

57.     Defendant's conduct listed hereinabove constitutes retaliation in violation of Title VII.

58.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of Title VII including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands and is entitled to a trial by jury as to all issues so triable.

Respectfully Submitted,

/s/ *Anthony V. Falzon*
Anthony V. Falzon Esq.
Fla. Bar No. 69167
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard
Suite 702
Miami, FL 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-mail: tony@anthonyfalzon-law.com

15

Case Number: CACE-19-010800 Division: 18

Filing # 89751393 E-Filed 05/18/2019 06:18:10 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Malvin L Garnett</u>
Plaintiff
vs.
<u>Southwest Airlines Co</u>
Defendant

II.   **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.**  **REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☒  Non-monetary declaratory or injunctive relief;
☐  Punitive

**IV.**  **NUMBER OF CAUSES OF ACTION:** (     )
(Specify)

<u>9</u>

**V.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VI.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Anthony Vincent Falzon</u>        FL Bar No.: <u>69167</u>
Attorney or party                                                          (Bar number, if attorney)

<u>Anthony Vincent Falzon</u>        <u>05/18/2019</u>
(Type or print name)                    Date

Filing # 90767253 E-Filed 06/07/2019 02:50:22 PM

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-010800

MALVIN GARNETT,

     Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY,
a foreign for profit corporation,

     Defendant,

_____/

### PLAINTIFF'S NOTICE OF UNAVAILABILITY

     Please be advised that, the undersigned counsel, ANTHONY V. FALZON,

ESQUIRE, requests that no hearings, depositions or other matters be set or scheduled,

nor any mediations, motions, requests for production, interrogatories or other

pleadings be filed which require a timely response during the following periods:

**June 7, 2019 through June 18, 2019**

**June 26, 2019 through June 28, 2019**

1

Respectfully Submitted,

By:_Anthony V. Falzon_
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard
Suite 702
Miami, FL 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-mail: tony@anthonyfalzon-law.com
Fla. Bar No. 69167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document was delivered to all interested parties via the Clerk of Court's e-filing portal on 7th day of June, 2019.

_/s/ Anthony V. Falzon_
Anthony V. Falzon.

2

Filing # 93233780 E-Filed 07/26/2019 02:23:17 PM

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-010800

MALVIN GARNETT,

      Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY,
a foreign for profit corporation,

      Defendant,

_____/

## PLAINTIFF, MALVIN GARNETT'S FIRST SET OF INTERROGATORIES TO DEFENDANT, SOUTHWEST AIRLINES COMPANY

Pursuant to the Florida Rules of Civil Procedure, the Plaintiff propounds this

First Set of Interrogatories to Defendant Southwest Airlines Company ("SWA"), to

be answered under oath within thirty (45) days of the date of service of the

Complaint in this matter.

-1-

The Law Offices of Anthony V. Falzon P.A.
12000 Biscayne Boulevard
Suite 702
Miami, FL 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-Mail: tony@anthonyfalzon-law.com


_s/ Anthony V. Falzon_
ANTHONY V. FALZON, ESQUIRE
Fla. Bar No. 69167

## DEFINITIONS

For purposes of these Interrogatories, the terms used herein shall have the following meanings:

A.     "Document" and "documents" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, electronic, computer or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody, or control of the attorney for Defendant.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical control thereof.

B.     As used herein the term "defendant" or "Defendant" is inclusive and shall include Southwest Airlines and its respective current and former officers, directors, partners, employees, servants, agents, attorneys and shareholders, if any, of the referenced person(s) or entity and should be deemed to reflect gender and number as the text of the Interrogatory may require.

C.     "Plaintiff" shall mean the plaintiff named in this lawsuit.

D.     "You" and "your" shall mean the party to whom these Interrogatories are directed, as well as all other persons acting or purporting to act in its behalf, including any current or former employee, agent, attorney or other representative.

E.     As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context so that these Interrogatories are construed in the broadest possible sense in keeping with the Florida Rules of Civil Procedure.

F.     "Person" shall mean any individual, partnership, association, corporation, joint venture, firm, proprietorship, agency, board, authority, commission or other legal or business entity.

G.     To "identify" an individual means to state that individual's:

1.     Name;

2.     current or last known telephone numbers at business and home; and

      3.     current or last know business or home addresses.

H.    To "identify" a person (as defined herein) other than an individual means to state:

     1.     its full name;

     2.     the nature of its organization;

     3.     the address and telephone number of its principle offices, and if applicable, the state in which it is incorporated; and

     4.     its principle line of business or activity.

I.    To "identify" an act, event, occurrence or communication means:

     1.     to state its date (See Instructions for these Interrogatories);
     2.     to identify the persons that were parties to and witnesses of the act, event. occurrence or communication;
     3.     to describe where and how it took place; and
     4.     to identify any document that constitutes or refers to such act, event, occurrence or communication.

J.    To "identify" a file means:

     1.     to state the title contained thereon; and

     2.     to identify the person for whom the file is maintained.

K.    To "identify" a statement means:

     1.     to identify who made it;

     2.     to identify who took or recorded it;

     3.     to identify all persons, if any, present during the making thereof;

     4.     to state when, where and how it was taken or recorded; and

5.     to identify who has current or last known possession, custody or control thereof.

L.     To "identify" a document means:

1.     To identify all files in which it and all copies are found;

2.     to identify the author;

3.     to identify its addresses, if any;

4.     to identify those who received a copy thereof;

5.     to identify its current custodian or the person that had last known possession, custody or control thereof;

7.     to state the date of its preparation; and

8.     to state the general subject matter giving a reasonably detailed description thereof.

M.     To "identify" any other tangible things means:

1.     to identify what it is, giving a reasonably detailed description thereof;

2.     to state when, where and how it was made, if applicable;

3.     to identify who made it, if applicable; and

4.     to identify its current custodian or the person that had last known possession, custody or control thereof.

N.     "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, electronic or computer transmission, or otherwise.

O.     "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the user making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital or an oral statement by the person making it and contemporaneously recorded.

P.      "Describe in detail" means to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone number of persons involved, if appropriate, along with dates, times, places, amounts and other particulars which make the answer to the Interrogatory fair and meaningful.

## INSTRUCTIONS

A.   For purposes of interpreting or construing the scope of any Interrogatory made herein the terms used shall be given their most expansive and inclusive interpretations unless otherwise specifically limited in the Interrogatory itself. This includes, without limitation, the following:

(1)   Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Interrogatory more inclusive; and

(2)   Construing the singular form of the word to include the plural and the plural form of the word to include the singular.

B.   When answering any Interrogatory and/or describing or identifying any matter, provide any dates and times of any occurrence, event or communication, or any dates and times that are related to the information as requested. If an exact date is not known, provide any other information that is known to identify the date or approximate date, including references to any other event, occurrence or communication and the chronology, dates or approximate dates of such event, occurrence or communication.

C.   You shall answer the Interrogatories separately and fully under oath.

D.   These Interrogatories shall be signed by the person to whom they are directed, or if a party is other than an individual, then the answers of said party shall be signed under oath by an officer or agent of the same with the authority to do so.

E.   You and your attorney are under a duty to supplement your answers to these Interrogatories by amending your answers if you or your attorney obtains information upon the basis of which:

(1)   you or your attorney knows that the answer though incorrect or incomplete when made; or

(2)   you or your attorney knows that the answer though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories.  If more than one person provided the answers or contributed such information, identify the specific Interrogatories answered by each person and the information provided.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify persons who have knowledge of the following:

a.   Plaintiff's job performance.

b.   All Charges filed by the Plaintiff with the EEOC.

c.   Complaints by Plaintiff and/or other employees regarding discrimination, retaliation and disparate treatment.

d.   Operation or application of the personnel handbook and Defendant's practices regarding orientation, discipline, job evaluation, promotion, location of employees, layoffs and discharges.

e.   Meeting, conferences, or discussions where Plaintiff's complaints, job performance and discharge were discussed.

f.   The salary, including fringe benefits, received by the Plaintiff since the date of his employment with the Defendant until the date of his discharge.

g.   The job performance of Plaintiff's supervisors.

h.   Depression, nervousness, stress related illnesses, change in personality, or other illnesses suffered by Plaintiff.

  i.  Complaints by Plaintiff and/or other employees regarding racism, racial slurs and/or comments, and/or race stereotypical employment practices.

  j.  The investigation carried out into Plaintiff's complaints.

  k.  The Plaintiff's initial termination and reinstatement.

  l.  The arbitration of the Plaintiff's terminations from employment.

  **INTERROGATORY NO. 3**:  For each person identified in answer to Interrogatory No. 2 please state and describe what contact Defendant, SOUTHWEST AIRLINES, had through its representative, employee, agent, independent contractor, insurer and/or attorney has had with him or her pertaining to this lawsuit.

  **INTERROGATORY NO. 4:** Identify each and every allegation of Plaintiff's Complaint filed in this lawsuit which you assert is false or inaccurate and specifically describe in detail all facts, proof or evidence that you claim prove these allegations to be false or inaccurate, and identify the true or accurate facts which demonstrate or prove the falsity or inaccuracy of such allegations.

  **ANSWER:**

**INTERROGATORY NO. 5:** If you have ever talked to the Plaintiff or Plaintiff's co-workers, former co-workers, agents, servants, employees, friends, partners, or anyone who has or who may have knowledge of Plaintiff regarding Plaintiff's claims in this lawsuit or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Plaintiff or anyone acting on Plaintiff's behalf regarding Plaintiff's claims or any other fact that might be relevant to this lawsuit, describe in detail such statement and/or admission and identify who made the statement or admission, to whom it was made, and the date it was made.

**ANSWER:**

**INTERROGATORY NO. 6:** Describe in detail all facts, proof or evidence which, in whole or in part, form the basis of any defense or affirmative defenses pled in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify each individual who participated in any manner in the decision to fire the Plaintiff on April 11, 2019 and on September 29, 2017 and/or who provided information relating to the decision to fire Plaintiff and describe in detail the role of that person in the decision to fire Plaintiff and/or the information provided by each individual.

**ANSWER:**

**INTERROGATORY NO. 8:** Please identify and describe in detail Plaintiff's work history with Defendant, including:

a.  Dates of hire and separation (if applicable);
b.  Plaintiff's compensation during his employment, including all changes in salary or benefits and the reasons for such changes;
c.  job titles and dates employed in each position and a description of job duties for each position of employment held by Plaintiff;
d.  the names of any and all Plaintiff's supervisors and the dates during which each individual served as Plaintiff's supervisor;
e.  describe Plaintiff's attendance record, performance and productivity in her assigned duties during the course of his employment;
f.  describe the frequency and procedures for evaluating Plaintiff's job performance; and
g.  if Plaintiff was ever disciplined during the course of his employment, describe the cause of such discipline and the disciplinary procedures followed and exact dates of those procedures.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify and describe in detail any internal complaint or allegations made about the Plaintiff to the Defendant by any current or former employee of Defendant or any current or former customer from the day Plaintiff began his employment with Defendant through the date of the Plaintiff's dismissal.

**ANSWER:**

**INTERROGATORY NO. 10:** List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

**INTERROGATORY NO. 11:** State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of any motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy, and describe as to each, what item such person has, the name and address of the person who took and prepared it, and the date it was taken or prepared.

**ANSWER:**

**INTERROGATORY NO. 12:** State whether there are or were in existence any policies of insurance, including excess insurance and reinsurance, applying to the incident sued upon in the complaint at the time of the incident sued upon, and if so, please state the following:

    a.    The name and address of the insurer on each such policy.

    b.    The name and address of each named insured on each such policy.

c.    The relationship, if any, between each named insured on each such policy and any named Defendant in this cause.

d.    The policy number of each such policy.

e.    The name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the complaint, and the relationship if any between such "additional insured" and any named Defendants in this cause.

f.    The limits of liability in such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.

g.    Whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment.

h.    Whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved.

i.    If the answer to subparagraph (h) is in the affirmative, describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice.  (NOTE: if such policy defense is withdrawn or waived, this subparagraph need not be answered).

j.    The exact name and address of the resident agent of each insurance company.

**INTERROGATORY NO.13** With regards to any and all policies of insurance mentioned above, indicate whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company.

**INTERROGATORY NO. 14:** Please identify any experts who have knowledge secured in the course of their consultation with Defendant of Plaintiff and/or potential liability for discrimination and/or retaliation.

**INTERROGATORY NO. 15:** Please state and describe each and every ground relied upon, known, and/or heard by Defendant to indicate or demonstrate that Plaintiff should be discharged or that her performance level was incompetent.

**INTERROGATORY NO. 16:** Please identify and list each and every ground operations agent employed by Defendant from March 21, 2011 to date indicating the rank, salary, current employment, race and color of each employee.

**INTERROGATORY NO. 17:** Please describe the table of organization or hierarchy in the Defendant and identify each supervisor filling those positions at any time since March 21, 2011.

**INTERROGATORY NO. 18:**   Please state and describe the employment practices and policies related to assignment, promotion, evaluation, discipline, discharge, permanent layoff, location and compensation of Ground Operations Agents.

**INTERROGATORY NO. 19:** Please list all employees who were disciplined or discharged for similar violations which resulted in the discharge of the Plaintiff in 2019 and the dates of their discipline and the type of discipline incurred by said employees.

**INTERROGATORY NO. 20**:Please describe every charge and/or lawsuit brought against Defendant alleging discrimination on the basis of race and/or color indicating for each forum, the case or docket number, status, resolution, and contents, and please identify for each the person bringing the charge and/or lawsuit.

**INTERROGATORY NO. 21**: Please describe each conversation Plaintiff had with his supervisors and/or they had regarding him that pertained to racial discrimination.

**I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name:
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

**STATE OF FLORIDA**
**COUNTY OF BROWARD**

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
[Print, type, or stamp commissioned name of notary or deputy clerk.]

____ Personally known
____ Produced identification
Type of identification produced _____

Filing # 93223444 E-Filed 07/26/2019 12:44:56 PM

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-010800

MALVIN GARNETT,

      Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY,
a foreign for profit corporation,

      Defendant,

_____/

**PLAINTIFF'S NOTICE OF UNAVAILABILITY**

Please be advised that, the undersigned counsel, ANTHONY V. FALZON,

ESQUIRE, requests that no hearings, depositions or other matters be set or scheduled,

nor any mediations, motions, requests for production, interrogatories or other

pleadings be filed which require a timely response during the following periods:

**November 22, 2019 through December 2, 2019**

**December 20, 2019 through January 6, 2020**

1

Respectfully Submitted,

By:*Anthony V. Falzon*
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard
Suite 702
Miami, FL 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-mail: tony@anthonyfalzon-law.com
Fla. Bar No. 69167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document was delivered to all interested parties via the Clerk of Court's e-filing portal on 26th day of July, 2019.

/s/ *Anthony V. Falzon*
Anthony V. Falzon.

2

Filing # 93288966 E-Filed 07/29/2019 11:14:10 AM

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-010800

MALVIN GARNETT,
     Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY,
a foreign for profit corporation,
     Defendant,
_____/

### SUMMONS

**THE STATE OF FLORIDA:**

**COUNTY OF BROWARD:**

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on the Corporate Defendant:

**SOUTHWEST AIRLINES COMPANY**
**through its Registered Agent:**
**The Prentice-Hall Corporation System Inc.**
**11201 Hays Street**
**Tallahassee, FL 32301**

The Defendant is hereby required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 702**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

1

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED this _____ AUG 05 2019

BRENDA D FORMAN,
as Clerk of said Court

By: _____
                                    as Deputy Clerk

BRENDA D. FORMAN

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you. Your written response, including the above-referenced case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken thereafter taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contando a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una

2

llamada telefónica no le protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.   Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen el la guía telefónica.

Si desea responder a la demanda por su cuenta, la misma deberá ser radicada con la Corte localizada:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

Al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante ó Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous.  Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal.  Un simple coup de téléphone  est insuffisant pour vous protéger. Vous étés obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que el tribunal entende votre cause.  Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argente t vous biens peuvent entre saisis par la suite, sans aucun préavis ultérieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat  Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou a son avocat) nomme ci-dessous.

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

4

Filing # 93285908 E-Filed 07/29/2019 10:50:29 AM

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: CACE-19-010800

MALVIN GARNETT,
 Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY,
a foreign for profit corporation,
 Defendant,
_____/

### **PLAINTIFF, MALVIN GARNETT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SOUTHWEST AIRLINES COMPANY.**

Pursuant to the Florida Rules of Civil Procedure, the Plaintiff Malvin Garnett, hereby requests Defendant, Southwest Airlines Company. ("Defendant"), to produce the documents described on **Schedule A**, appended hereto, for inspection and copying at the offices of Anthony V. Falzon P.A., 12000 Biscayne Boulevard, Suite 702, Miami, FL 33181.  Production of the requested documents shall be due within forty-five (45) days of the date of service of the Complaint.

1

Respectfully Submitted:

ANTHONY V. FALZON P.A.
Attorneys for Plaintiff
12000 Biscayne Boulevard
Suite 702
Miami, Florida 33181
Tel. (786) 703 4181
Fax (786) 703 2961
Email: tony@anthonyfalzon-law.com

By:    s/ *Anthony V. Falzon*
       ANTHONY V. FALZON
       Florida Bar No. 69167

## DEFINITIONS AND INSTRUCTIONS

1.      The term "you" and "your" means Defendant, SOUTHWEST AIRLINES COMPANY, including all partnerships, corporations, divisions, departments, subsidiaries, affiliates and predecessors in which you have any interest, as well as its agents, attorneys and all other person acting or purporting to act on your behalf.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm or other business enterprise, governmental body, group of natural persons or other entity.

3.      The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise including, but not limited to correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statement, schedules, affidavits, contracts, cancelled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without

3

limitation photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motions pictures) and electronic, mechanical or electric recordings or representations of any kind(including without limitation tapes, cassettes, computer storage, disks, floppy disk, records and tapes).

4.      The term "all documents" means every document or group of documents or communication as above defined that are known to you or that can be located or discovered by reasonable diligent efforts.

5.      The term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made including, but not limited to correspondence, conversations, agreements and other understandings between or among two or more people.

6.      The term "documents" and "communications" include all electronically stored information ("ESI").

7.      The term "relating to" or "relates to" means in any way, directly or indirectly, concerning, referring to, disclosing, describing, confirming, supporting, evidencing or representing.

8.      The terms "and" and "or", as used herein, are both conjunctive and disjunctive.

4

9.     The term "electronically stored information" or "ESI" is intended to mean and shall embrace and include all information in electronic form, including but not limited to computer data, meta data, computer memory, electronic mail, e-mail, word processing data, computer printouts, electronic mail, web pages, word processing files, computer data bases and all other information which is stored on a computer, hard drive or other similar device, in Plaintiff's actual or constructive possession, custody or control, including back-up systems or backup tapes in which requested information may appear.

10.     As used herein, the words "communication" or "communications" shall refer to all written (typed or otherwise) or oral contact of any sort, whether by correspondence, telephone, facsimile transmissions, e-mail, over the Internet, in person or otherwise.

11.     *The terms "document" and "communication(s)" as defined above are expressly deemed to include all ESI as defined in Paragraph 9 above.*

12.     In producing the documents requested herein, you shall produce in full, without abridgement, abbreviation, or expurgation of any sort.  This Request for Production seeks production of the original documents.  If the original documents are not available, you shall produce the earliest or oldest copy of the document in your possession.

13.    The documents or categories of documents that you contend are responsive to each separate request and their locations should be set forth in your written response pursuant to Rule 1.350 of the Florida Rules of Civil Procedure. All documents responsive to each request should then be produced in the order in which they are kept in the ordinary course of your business or personal activities, or segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

14.    If you object in part to any Request for Production, please produce the portion of the request to which you do not object and state your objection to the remainder.

15.    When producing any documents not legible to the unaided eye, also produce the means for translating it to a form legible to the human eye and instructions for such translation.

16.    If any Request for Production is objected to on the ground of privilege or otherwise, please provide a privilege log with the following information set forth:

(a)    The date of the document;

(b)    The author of the document;

(c)    The addressee of the document;

6

(d)     The citation of authority supporting claim of privilege; and

(e)     A statement of facts that you contend establish the document to be privileged.

## REQUESTS FOR PRODUCTION

Please produce all of the following:

**REQUEST FOR PRODUCTION NO. 1**: All contracts/documents of employment relating to Plaintiff's employment with SOUTHWEST AIRLINES COMPANY

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** All documents contained in Plaintiff's personnel file(s) in the possession of Defendant SOUTHWEST AIRLINES COMPANY., including, but not limited to, all grievances, human resources and/or external investigations, and charges or complaints filed by or against Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** A list of all ground operations agents with names, phone numbers and addresses that SOUTHWEST AIRLINES COMPANY has employed for the period of time that Plaintiff was employed with the Defendant at Fort Lauderdale Airport.

RESPONSE:

7

**REQUEST FOR PRODUCTION NO. 4:** Any and all documents which evidence who supervised and directed Plaintiff's work at Fort Lauderdale Airport.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents which evidence who had the power to determine or modify Plaintiff's conditions of employment during the period of Plaintiff's employment by the Defendant, SOUTHWEST AIRLINES COMPANY at Fort Lauderdale Airport.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:** All reviews, performance appraisals, investigations, or studies relating to Plaintiff's employment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:** All documents relating to Plaintiff's job evaluations, achievements and awards.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:** All documents that were identified or reviewed or relied upon by you in responding to Plaintiff, Malvin Garnett's First Set of Interrogatories to Defendant, SOUTHWEST AIRLINES COMPANY.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:** All documents relating to or reflecting the facts and circumstances of any discipline of Plaintiff or concerning any alleged misconduct engaged in by Plaintiff during Plaintiff's employment by Defendant SOUTHWEST AIRLINES COMPANY.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:** Any and all reports, letters of commendation, reviews, or other similar documents relating to Plaintiff's job performance not contained in Plaintiff's personnel file.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:** Any and all documents reflecting or relating to wages, benefits, merit increases, bonuses, insurance or any other forms of compensation that the Defendant, SOUTHWEST AIRLINES COMPANY, paid to Plaintiff during his employment including any COBRA notices issued to the Plaintiff.

RESPONSE:

9

**REQUEST FOR PRODUCTION NO. 12:** All documents, records, electronic data including emails that pertain and relate to Plaintiff's discharge from employment in 2017 and 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:** All statements of witnesses or potential witnesses or persons interviewed by Defendant SOUTHWEST AIRLINES COMPANY in relation to Plaintiff's termination from employment in 2017 and 2019.

RESPONSE:

**REQUEST FOR PROUCTION NO. 14:** The entire file containing all materials regarding the investigation of the claims in the present action whether conducted internally by the Human Resources Department or externally on behalf of the Defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:** Copies of any and all reservation of rights letters.

RESPONSE:

10

**REQUEST FOR PRODUCTION NO. 16:** Documents you intend to introduce into evidence during the trial of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:** Any and all policies, statements, memoranda, guidelines, contracts, agreements, rules or statutes, allegedly breached by the Plaintiff which resulted in his termination from employment in 2017 and 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:** Any insurance policy, contractual indemnity agreement, or any other agreement with a third party which could or would cover, in whole or in part, the claims of any party to this lawsuit, including but not limited to payment of attorney's fees, or any settlements or judgments.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:** Any and all copies of memoranda, correspondence, notes, emails, electronically stored or generated information or other documents relating to the plaintiff claims.

RESPONSE:

11

**REQUEST FOR PRODUCTION NO. 20:** All documents that support any affirmative defense you have pled.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:** Any and all documents that Defendant, SOUTHWEST AIRLINES COMPANY intends to rely on at trial to support their affirmative Defenses set forth in its Answer to the Complaint

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:** A copy of any Complaint and any judgment or settlement agreement in any and all lawsuits filed against Defendant SOUTHWEST AIRLINES COMPANY within the last five years brought for Race and/or Color Discrimination, Retaliation or Harassment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 23:** Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on this lawsuit and may be used as demonstrative evidence at trial.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:** Any and all employee handbooks, personnel policies or other documents which embody or otherwise reflect Defendant, SOUTHWEST AIRLINES COMPANY employment policies, practices and procedures in effect during the period of Plaintiff's employment, including any amendments or modifications thereto.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:** All investigations and documents reviewed or considered by Defendant SOUTHWEST AIRLINES COMPANY in connection with the decision to terminate the Plaintiff in 2017 and 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:** All procedures and policies of the Defendant, SOUTHWEST AIRLINES COMPANY allegedly followed by the Defendant in the dismissal of the Plaintiff in 2017 and 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:** Any insurance policies identified in response to Plaintiff's First Set of Interrogatories to Defendant SOUTHWEST AIRLINES COMPANY

RESPONSE:

13

**REQUEST FOR PRODUCTION NO. 28:** All pay stubs for plaintiff for the period of his employment and copies of all W-2 forms issued to the Plaintiff during the same period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 29:** All documents from the personnel files of any employee employed by the Defendant who were accused and/or disciplined for a similar violation that led to the dismissal of the Plaintiff in 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 30:** The table of organization and/or hierarchy for Defendant SOUTHWEST AIRLINES COMPANY.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 31.** All documents reflecting the procedure and criteria for orienting, assigning, training, assisting, handling the complaints of, locating, evaluating, transferring, giving supervisory duties, promoting, increasing hours, paying overtime, giving full time position, increasing salary, disciplining and discharging employees.

RESPONSE:

14

**REQUEST FOR PRODUCTION NO. 32.**     All documents regarding internal investigations prepared as part of Defendant's routine personnel practices pertaining to Plaintiff; related to complaints of race discrimination, retaliation or harassment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 33.**     All documents reflecting the orientation, assignments, evaluations, compensation, discipline and discharge of Plaintiff and how his complaints were handled.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34.**     All documents relating to unlawful employment practices charges and/or problems, race discrimination, retaliation, harassment during the period March 21, 2011 through today's date.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35.**     The exit interview and documents pertaining to it done of Plaintiff in both 2017 and 2019..

RESPONSE:

15

**REQUEST FOR PRODUCTION NO. 36.**     The job description for all employees employed as ground operations agents with SOUTHWEST AIRLINES COMPANY during the period of Plaintiff's employment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37.**     All documents reflecting how the decision to discharge the Plaintiff in 2017 and 2019 was reached.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38.**     All documents pertaining to any litigation, pending or completed, pertaining to discrimination, retaliation and harassment during the period March 21, 2011 through to April 11, 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39.**     All documents pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public, that Plaintiff had with his supervisors, or that they had regarding Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40.**     All documents referring to every discharge, permanent or temporary layoff, reassignment, resignation and/or retirement, during the period March 21, 2011 through April 11, 2019; and for each employee, his or her personnel file; internal investigations prepared as part of Defendant's routine personnel practices; and subsequent communications with the employee and/or his or her representative.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41.**   All documents pertaining to the unemployment compensation claim filed by Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 42.**   All documents pertaining to the charges Plaintiff filed with the EEOC.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 43.**   Documents reflecting every discharge, layoff, whether temporary or permanent, transfer or reassignment, and promotion, reflecting the name address, telephone number, race, color and current employee status, that was secured by Plaintiff's supervisors.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44.**   The job description and all documents reflecting the duties, standards for performing and evaluating, and supervisors for the position of Ground Operations Agent.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45.**     Documents reflecting the composition of Defendant's employees by job category, pay level, department, race and color during the period March 21, 2011 through April 11, 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 46.**     Documents reflecting the annual pay for Ground Operations Agent from March 21, 2011 through April 11, 2019.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 47.**     Documents reflecting all insurance policies and/or coverage Defendant has for any liability arising from employment practices.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 48.**     Documents reflecting all assets and liabilities and net worth of Defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 49.**     Documents reflecting all communications made to Defendant's employees and/or in response to inquiries of Defendant pertaining to Plaintiff's complaints of discrimination, job performance, and/or discharge.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 50.**     All documents including emails reflecting how the decision to discharge Plaintiff was reached.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 51.**     All payroll, benefits, medical and/or personal leave documents pertaining to Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 52.**     Documents describing all rights and obligations of employees participation in the pension plan and/or 401(k) offered by or through the Defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 53.**     All materials relating to Plaintiff's arbitration case following his initial termination in 2017 including transcripts of all hearings and evidence marked and submitted into evidence.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 54:**     All documentation related to the disciplinary action taken against Mr. M. Hinkle with relation to an incident involving Erica Wilcox.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 55:**     Copies of the applications for employment submitted by Rosa Martinez, Nelson Rodriguez, Casey Collins and Jose Gonzalez-Lugo.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 56**  Copies of all disciplinary action taken against Rosa Martinez, Nelson Rodriguez, Casey Collins and Jose Gonzalez-Lugo.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 57:** Copies of all disciplinary action taken against Carlos Carisquillo.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 58:**   Copies of the personnel file for supervisor Christian Heyne including all disciplinary action taken against said individual.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 59:**     Copies of any and all emails from the Atlanta station referring to blacks as monkeys.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 60:**   A copy of the flyer from BWI referring to agents as monkeys.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 61:** Any and all documents in the sexual harassment case brought against Tenina McCann, station manager in Jacksonville.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 62:** Any and all emails between the Union and the Defendant regarding the Plaintiff's grievance in the period August, 2018.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 63:** Any settlement agreements entered into between the Plaintiff and the Defendant following his termination from employment in 2017.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 64:** Any emails discussing the decision to promote Keith Marrow in 2018.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 65:** The personnel file for Jose Rosario.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 66:** Please provide the personnel files of all probationary employees fired who had made a complaint about race during their probationary period.

RESPONSE:

23

Filing # 93851013 E-Filed 08/08/2019 10:29:09 AM

## RETURN OF SERVICE

State of Florida                    County of BROWARD                    CIRCUIT Court

Case Number: CACE-19-010800

Plaintiff:
**MALVIN GARNETT**

vs.

Defendant:
**SOUTHWEST AIRLINES COMPANY, A FOREIGN FOR PROFIT
CORPORATION**

For:
ANTHONY FALZON, ESQ.
ANTHONY V. FALZON, P.A.
12000 BISCAYNE BLVD.
STE. 702
MIAMI, FL 33181

Received by NOLAN PROCESS SERVERS, LLC on the 6th day of August, 2019 at 4:37 pm to be served on
**SOUTHWEST AIRLINES COMPANY THROUGH ITS REGISTERED AGENT: THE PRENTICE-HALL
CORPORATION SYSTEM INC., 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **7th day of August, 2019 at 10:20 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS; CIVIL COVER SHEET; COMPLAINT;
PLAINTIFF, MALVIN GARNETT'S FIRST SET OF INTERROGATORIES TO DEFENDANT, SOUTHWEST
AIRLINES COMPANY; PLAINTIFF, MALVIN GARNETT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT, SOUTHWEST AIRLINES COMPANY** with the date and hour of service endorsed
thereon by me, to: **KARA STOVER** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of
SOUTHWEST AIRLINES COMPANY THROUGH ITS REGISTERED AGENT: THE PRENTICE-HALL
CORPORATION SYSTEM INC. at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed
said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 35+, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 145, Hair: RED,
Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the
facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525
(2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2019009260

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

Filing # 93288966 E-Filed 07/29/2019 11:14:10 AM

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-010800

MALVIN GARNETT,
     Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY,
a foreign for profit corporation,
     Defendant,

_____/

Date ____8/7/19_____ Time 10:20
MCN. No. 111
is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

## SUMMONS

**THE STATE OF FLORIDA:**

**COUNTY OF BROWARD:**

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this
action on the Corporate Defendant:

**SOUTHWEST AIRLINES COMPANY**
**through its Registered Agent:**
**The Prentice-Hall Corporation System Inc.**
**11201 Hays Street**
**Tallahassee, FL 32301**

The Defendant is hereby required to serve written defenses to the Complaint or petition on
Plaintiff's attorney, to-wit:

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 702**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

1

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
Phone: (850) 562-6058
Fax: (850) 562-9552
E.I.N. 30-0409761

## INVOICE

Invoice #MCN-2019009260
8/7/2019

ANTHONY FALZON, ESQ.
ANTHONY V. FALZON, P.A.
12000 BISCAYNE BLVD.
STE. 702
MIAMI, FL 33181

**Case Number: BROWARD CACE-19-010800**

Plaintiff:
**MALVIN GARNETT**

Defendant:
**SOUTHWEST AIRLINES COMPANY, A FOREIGN FOR PROFIT CORPORATION**

Received: 8/6/2019   Served: 8/7/2019 10:20 am  CORPORATE
To be served on: SOUTHWEST AIRLINES COMPANY THROUGH ITS REGISTERED AGENT: THE PRENTICE-HALL CORPORATION SYSTEM INC.

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee (Local) | 1.00 | 25.00 | 25.00 |
| Photocopies | 40.00 | 0.10 | 4.00 |
| TOTAL CHARGED: | | | $29.00 |

| BALANCE DUE: | | | $29.00 |
|---|---|---|---|

Please enclose a copy of this invoice with your payment.

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8 1c